Owens v. Rochester City School District

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand fifteen.

PRESENT: JON O. NEWMAN,
          JOHN M. WALKER, JR.,
          DENNIS JACOBS,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
DAVID OWENS,
      Plaintiff-Appellant,

      -v.-                        14-2730

ROCHESTER CITY SCHOOL DISTRICT,
      Defendant-Appellee.
- - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| FOR APPELLANT: | Melvin Bressler, Pittsford, New York. |
| FOR APPELLEE: | Cara M. Briggs (Edwin Lopez-Soto, on the brief), Rochester, New York. |

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, _J._).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-Appellant David Owens appeals from the judgment of the United States District Court for the Western District of New York (Larimer, _J._), granting summary judgment in favor of defendants-appellee Rochester City School District. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We affirm for substantially the reasons stated in the district court's June 25, 2014 order.

Where, as here, "a plaintiff seeks to prevent summary judgment on the strength of a discrepancy in qualifications ignored by an employer, that discrepancy must bear the entire burden of allowing a reasonable trier of fact to not only conclude the employer's explanation was pretextual, but that the pretext served to mask unlawful discrimination." Byrnie v. Town of Cromwell, Bd. Of Educ., 243 F.3d 93, 103 (2d Cir. 2001).

It is undisputed that there is no direct evidence of discrimination in the summary judgment record. And it is undisputed that Owens had "attendance issues" in his personnel file, unlike Peter Torchia, who ultimately received the promotion. Owens's claim to be more qualified than Torchia is dubious, given Laniak's virtually unrebutted testimony that Torchia "was and . . . still is the most qualified in the district" for the job. JA 77. But in any event, that purported discrepancy in qualifications could not, standing alone, support an inference of racial discrimination on this record.

For the foregoing reasons, and finding no merit in Owens's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK